# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>JENNIFER L. THURSTON,<br><br>Respondent. | Case No. 1:26-cv-00282-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 8) |

Petitioner Israel Maldonado Ramirez is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the petition fails to state a cognizable federal habeas claim, the undersigned recommends that the petition be dismissed.

**I.**

**BACKGROUND**

On January 14, 2026, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On January 20, 2026, the Court screened the petition and ordered Petitioner either to file an amended petition or notify the Court that he stands on the petition as written. (ECF No. 5.) On February 5, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 8.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. "In Custody"

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

Maleng v. Cook, 490 U.S. 488, 490–91 (1989). A person on parole or probation also satisfies the custody requirement. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute[.]" (citing Jones v. Cunningham, 371 U.S. 236, 243 (1963))); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.").

Here, it appears that Petitioner is not in custody. Petitioner's address of record is a residential address in Clovis, California. It is also unclear whether Petitioner is on parole or probation. Regardless, even if Petitioner can satisfy the custody requirement, the petition fails to state a cognizable federal habeas claim.

### B. Cognizability in Federal Habeas Corpus

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Here, the FAP is rambling and incoherent. It alleges that Governor Newsom has Petitioner's ticket, manuscript, and blueprint and has made copies of Petitioner's essence. (ECF No. 8 at 4–5.[1]) The FAP fails to state a cognizable claim for federal habeas relief. It does not

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

allege a violation of the Constitution or federal law, nor does it argue that Petitioner is in custody in violation of the Constitution or federal law. The grounds for relief consist of convoluted and incoherent allegations, which are insufficient to state a cognizable claim for federal habeas relief. As the FAP fails to state a cognizable claim for federal habeas relief, it should be dismissed.

## II.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that that the first amended petition for writ of habeas corpus (ECF No. 8) be dismissed.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2026**                    /s/ _Erica P. Grosjean_
                                             UNITED STATES MAGISTRATE JUDGE

3